IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF DELAWARE *ex rel.* RONALD SHERMAN, <br><br> Petitioners, <br><br> v. <br><br> JOAN GILHOOLY, <br><br> Respondent. | Case No. 1:21-MC-22 |

**RELATOR'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS
AND FOR ISSUANCE OF ORDER TO SHOW CAUSE**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Petitioner-Relator Ronald Sherman ("Petitioner"), seeks an order compelling Respondent Joan Gilhooly to comply with subpoenas issued to her and her business in United States ex rel. Sherman v. Christiana Care Health Services, Inc., No. 17-419-RGA (D. Del.), and to issue an order to Ms. Gilhooly to show cause why she should not be held in contempt for failure to do so.

**BACKGROUND**

**I.     Ms. Gilhooly's Significance to the Underlying Lawsuit**

Petitioner is the *qui tam* plaintiff in United States ex rel. Sherman v. Christiana Care Health Services, Inc., No. 17-419-RGA (D. Del.) (the "Underlying Lawsuit"). In the Underlying Lawsuit, Petitioner is pursuing claims on behalf of the United States and the State of Delaware under the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.* and the Delaware False Claims and Reporting Act, Del. Code Ann. tit. 6, §§1201 *et seq.* (collectively, the "FCA") against Christiana Care Health Services, Inc. and affiliated entities (collectively, "Christiana").

1

Christiana is a health system that operates hospitals in Delaware, and Petitioner served as the chief compliance officer for Christiana between 2007 and 2014. **Exhibit 1** ¶¶ 7, 9. In the Underlying Lawsuit, Petitioner alleges that Christiana violated the FCA through a scheme in which (1) Christiana, through its own employees, provided free services to an outside group of neonatologists who treated patients to Christiana's neonatal intensive care unit ("NICU") and (2) the outside neonatologists billed government-sponsored healthcare plans, such as Medicare and Medicaid, for the services performed by Christiana employees. Id. ¶¶ 13-14, 89-92. In other words, "[d]espite the fact that hospital-employed medical professionals performed much of or most of the care provided in the NICU, Christiana did not bill for those professional services, nor did they bill for the 24-hour bundled NICU code" and "[i]nstead, [the outside neonatologists] billed for the services provided by Christiana." Id. ¶ 112. Petitioner alleges that this conduct violates the FCA. Id. ¶¶ 163-184.

Ms. Gilhooly is a healthcare compliance consultant, and on at least one occasion, was retained as expert witness in an FCA case on medical coding issues.[1] During the relevant time period, she operated a consulting business called Medical Business Resources, LLC ("MBR"). One website advertising her services describes:

> She brings a wealth of experience in physician practice management, particularly in the areas coding, reimbursement, and compliance. She's a former licensed EMT-B, holds bachelor's degree/clinical training in medical technology and has a Masters in Business Administration (MBA) from the University of Iowa. With coding certification by both the American Academy of Professional Coders (AAPC) and the American College of Medical Coding Specialists (ACMCS), Joan is also one of the nation's first certified healthcare compliance consultants (2000).[2]

---

[1] See Memorandum in Support of United States' Motion to Exclude Testimony of Expert Witness or, in the Alternative, to Modify the Revised Scheduling Order in U.S. ex rel. Moradi v. Casto, 2003 WL 24859262, No. 2:01-1281 (S.D.W. Va. May 29, 2013).
[2] **Exhibit 2** (print out of Meet Your Expert, available at https://healthcare.trainingleader.com/experts/joan-gilhooly (retrieved Aug. 19, 2021)).

Per filings with the Ohio Secretary of State's office, MBR remains an active business with Ms. Gilhooly designated as its registered agent at an address in Lebanon, OH.[3]

In 2010, Christiana retained Ms. Gilhooly and MBR to perform an audit to evaluate compliance implications arising from the above-described relationship between Christiana and the outside neonatologists. After conducting a review, Ms. Gilhooly provided an audit report to Christiana reporting her findings.

### II. The Subpoenas and Attempts to Accommodate Ms. Gilhooly

In two materially identical subpoenas dated February 5, 2021 directed to Ms. Gilhooly and MBR (collectively the "Gilhooly Subpoena"), Petitioner asked Ms. Gilhooly to produce the documents related to the audit she performed for Christiana. **Exhibit 3** at 1, 8, **Exhibit 4** at 1, 8. The Gilhooly Subpoena is narrowly tailored to request documents that are directly relevant to Petitioner's claims in the Underlying Lawsuit. The primary document request seeks:

> Documents related to any audit, review, assessment, investigation, or evaluation (collectively, "Evaluation") of Christiana's medical or billing practices, including but not limited to (i) any Evaluations by Joan Gilhooly, including Evaluations reflected in reports dated on or about January 26, 2011, May 6, 2011, and May 13, 2011, and (ii) any Evaluations relating to whether Christiana's relationship(s) or arrangement(s) with the Subject Outside Entities during the Relevant Time Period complied with the Anti-Kickback Statute, Stark Law, or any applicable billing rules or regulations, including but not limited to CPT coding rules. This request includes any reports, findings, or recommendations (and drafts thereof) related to any such Evaluation.

**Ex. 3** ¶ at 7 ¶ 1.

The Gilhooly Subpoena had a return date of March 5, 2021 and, because Ms. Gilhooly lives in southwestern Ohio, provided a return location in Cincinnati, which is less than 100 miles from her residence. **Ex. 3** at 1; **Ex. 4** at 1. Pursuant to Rule 45(a), Petitioner provided notice to

---

[3] **Exhibit 9** (print out of OH Secretary of State, Business Details & Filings, available at https://businesssearch.ohiosos.gov?=businessDetails/2081076 (retrieved Aug. 19, 2021)).

3

Christiana that he was serving the Gilhooly Subpoena. **Exhibit 5**. Ms. Gilhooly was served with both subpoenas on February 10, 2021. **Exhibit 6, 7.**

As detailed below, in the six months since serving the Gilhooly Subpoena, Petitioner has patiently cooperated with Ms. Gilhooly in an attempt to reduce any burden on her, but Ms. Gilhooly has not produced a single document, nor has she served any objections:

- On March 4, 2021 – the day before the return date – Ms. Gilhooly emailed Petitioner's counsel and confirmed that she had received the subpoena on February 9, 2021 but requested a one-week extension to respond until March 12, 2021. **Exhibit 8** at 6. Petitioner's counsel immediately agreed. Id.

- Ms. Gilhooly did not provide a response by March 12, 2021. After affording her a substantial grace period, Petitioner's counsel contacted Ms. Gilhooly on April 15, 2021 and inquired about the status of her response. Id. at 5.

- On April 15, 2021, Ms. Gilhooly responded that she due to issues in her personal life, she had "completely forgot[ten] about this until earlier this week." Id. She said that she understood "your case is important to your client" and asked "where do I need to send the materials?" Id. Petitioner's counsel immediately responded and provided the address that had been included on the subpoena. Id. at 4.

- After not hearing from Ms. Gilhooly for over two weeks, Petitioner's counsel followed up on May 3, 2021 and asked about the status of her response. Id. On May 11, 2021, Ms. Gilhooly responded and advised that her father had recently passed away. Id. at 3. She said that that she "should be able to finish printing out the emails, reviewing them for privilege, then marking the ones I'll be sending to you tonight" and anticipated sending the materials

4

the following day. Id. Petitioner's counsel responded: "I am sorry for your loss. Your proposal below makes sense. Family is most important." Id.

- After waiting several weeks, Petitioner's counsel emailed Ms. Gilhooly on June 3: "Hello Ms. Gilhooly. I am writing to follow up with our email exchange below. Can you please provide a date by which you plan to produce the documents sought by the subpoena?" Id. at 2. Ms. Gilhooly responded on the same day that she was traveling that day, would be home by June 6, and "Let's say I can get it all wrapped up by next Friday [June 11]?" Id. Petitioner's counsel responded: "Ok. But please make sure we receive the documents by then." Id.

- On July 1, 2021, after yet another promised deadline had passed by several weeks, Petitioner's counsel again emailed Ms. Gilhooly: "It's been almost a month since we last communicated. If you are unwilling to produce the documents, please let me know. If you are going to produce them, please produce them by Friday, July 9, 2021. If we do not have the records, in hand, by that date, we will have to apply to the Court for relief." Id. at 1.

Following these extensive communications, Petitioner waited nearly two months before filing this enforcement action, and in that time, Ms. Gilhooly has not responded to the July 1 communication. In the six and a half months since receiving the Gilhooly Subpoena in February, Ms. Gilhooly has not produced a single document, nor has she ever served any objections pursuant to Rule 45(d)(2)(B).[4]

---

[4] Rule 45(d)(2)(B) provides that "[a] person commanded to produce documents or tangible things … may serve on the party or attorney designated in the subpoena a written objection" and that "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."

5

**ARGUMENT**

Rule 45(a)(1)(D) provides that "[a] command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials," and Rule 45(c)(2) similarly provides that "[a] subpoena may command … production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Rule 45(d) provides two avenues the recipient of a subpoena can utilize to challenge the subpoena:

- First, the recipient "may serve on the party or attorney designated in the subpoena a written objection" and that "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."
- Second, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies."

Petitioner served Ms. Gilhooly with the Gilhooly Subpoena on February 9, 2021 at her residence in Lebanon, OH. **Ex. 6, 7**. The Gilhooly Subpoena required her to produce records in Cincinnati, OH (well within the 100-mile limit), in addition to providing the option to produce records electronically. **Ex. 3, Ex. 4**. Ms. Gilhooly has failed to produce a single record in response to the Gilhooly Subpoena. Moreover, Ms. Gilhooly has never served objections, let alone objections that comply with Rule 45(d)'s requirements that objections be served by the return date of March 5, 2021. Likewise, Ms. Gilhooly has never filed a motion to quash, let alone a "timely"

6

motion to quash as required by Rule 45(d).[5] By failing to assert any objections or seek redress from the Court through a motion to quash, Ms. Gilhooly has waived any challenge to the Gilhooly Subpoena. Anwalt Energy Holdings, LLC v. Falor Companies, Inc., 2008 WL 2268316, at *1 (S.D. Ohio June 2, 2008) ("Generally, the failure to serve written objections to a subpoena within the time specified by Rule 45 constitutes a waiver of such objections."); Hartford Cas. Ins. Co. v. Calcot, Ltd., 2009 WL 10699695, at *3 (W.D. Tenn. Apr. 7, 2009) ("Other federal courts, including district courts sitting within the Sixth Circuit, have held, however, that a failure to comply with this rule acts as a waiver of all objections to the subpoena.").[6]

Consequently, Ms. Gilhooly has violated her obligation in response to the Gilhooly Subpoena and waived any challenges she might otherwise have. Although Ms. Gilhooly has waived any objections, Petitioner notes that the Gilhooly Subpoena is narrowly tailored to request records that are indisputably relevant to, and potentially contain highly relevant information concerning, Petitioner's claims in the Underlying Action. Moreover, as described above, Petitioner has working patiently and cooperatively with Ms. Gilhooly since serving the Gilhooly Subpoena in an effort to minimize the burden on her and to accommodate her needs.

---

[5] "It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena." See F.T.C. v. Trudeau, 2012 WL 5463829, at *3 (N.D. Ohio Nov. 8, 2012) (quotation marks omitted).

[6] Christiana has also never sought to quash the Gilhooly Subpoena, resulting in waiver of objections it may have by failing to file a "timely motion." See City of St. Petersburg v. Total Containment, Inc., 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008) (waiver of privilege objection where party filed motion to quash after compliance period designated in subpoena); U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc., 238 F. Supp. 2d 270, 278 (D.D.C. 2002) ("Under no stretch of the imagination is a motion made 10 months after the return date for the subpoena 'timely.'"); Neumeyer v. Wawanesa Gen. Ins. Co., 2014 WL 12498212, at *3 (S.D. Cal. Dec. 16, 2014) ("In this case, PsyCare did not serve an objection to the subpoena within fourteen days of its service, as required by the Federal Rules. Plaintiff did not file a timely motion to quash the subpoena. Accordingly, Plaintiff waived his right to resist disclosure of the medical records requested by Defendants from PsyCare.") (citation omitted).

Rule 45(g) enforces subpoena-related requirements by providing "[t]he court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." The Advisory Committee Notes explain:

> The rule is also amended to clarify that contempt sanctions may be applied to a person who disobeys a subpoena-related order, as well as one who fails entirely to obey a subpoena. In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena. Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt.

Courts typically adhere to the procedure contemplated in the Advisory Committee Notes, *i.e.* first directing a witness to comply with the subpoena, and second, through an order to show cause, directing the subpoenaed party to describe why he or she should not be held in contempt. See Retail Serv. Sys., Inc. v. Penual, 2015 WL 2169453, at *2 (S.D. Ohio May 8, 2015) (directing non-party who entirely failed to respond to subpoena to show cause); In re Hamrick, 2015 WL 3965695, at *3 (Bankr. N.D. Ohio June 29, 2015) (finding non-party in contempt where "there was no good-faith attempt to comply with the subpoena until after [subpoenaing party's] Motion was filed"); Wright & Miller, Contempt, 9A Fed. Prac. & Proc. Civ. § 2465 (3d ed.) ("The district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance.").

Because Ms. Gilhooly has violated her obligations under the Gilhooly Subpoena and Rule 45 and because she has waived any objections to the Gilhooly Subpoena, the Court should (1) direct her to immediately produce the requested documents and (2) direct her to show cause why she should not be held in contempt.

## **CONCLUSION**

For the reasons described above, Petitioner respectfully requests that the Court enter an Order compelling Ms. Gilhooly to comply with the Gilhooly Subpoena and to issue an order to Ms. Gilhooly to show cause why she should not be held in contempt.

Dated: August 26, 2021

/s/ Frederick M. Morgan, Jr.
Frederick M. Morgan, Jr. (OH 0027687)
**MORGAN VERKAMP LLC**
35 East Seventh Street, Suite 600
Cincinnati, OH 45202
Telephone: (513) 651-4400
Fax: 513.651.4405
Email: rick.morgan@morganverkamp.com

**WALDEN, MACHT, & HARAN LLP**
Daniel R. Miller (*pro hac vice* forthcoming)
Jonathan Z. DeSantis (*pro hac vice* forthcoming)
1650 Market Street, Ste. 3600
Philadelphia, PA 19103
Telephone: (212) 335-2030
dmiller@wmhlaw.com
jdesantis@wmhlaw.com

*Attorney for Petitioner-Relator*