UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br>  Plaintiffs, <br> <br> vs. <br> <br> CHRISTIANA CARE <br> HEALTH SERVICES, et al., <br>  Defendants. | Case No. 1:21-mc-22 <br> McFarland, J. <br> Litkovitz, M.J. <br> <br> <br> <br> ORDER |

Petitioner-Relator Ronald Sherman ("Relator") commenced this miscellaneous action in support of litigation pending in the United States District Court for the District of Delaware, *United States ex rel. Sherman v. Christiana Care Health Services, Inc.*, No. 17-419-RGA (D. Del.). On November 3, 2021, the undersigned granted Relator's motion to compel Respondent Joan Gilhooly ("Gilhooly")'s compliance with two subpoenas previously issued by Relator. (Doc. 5). This matter is before the Court on defendant Christiana Care Health Services ("CCHS")'s motion to revise the Court's November 3, 2021 Order pursuant to Fed. R. Civ. P. 54(b) (Doc. 18), Relator's response in opposition (Doc. 24), and CCHS's reply memorandum (Doc. 26).

**I. Background**

Relator is the *qui tam* plaintiff in the underlying litigation pending in the District of Delaware brought pursuant to the False Claims Act, 31 U.S.C. §§ 3729 *et seq*., and the Delaware False Claims and Reporting Act, Del. Code Ann. tit. 6, §§ 1201 *et seq.*, against defendant CCHS and affiliated entities. (Doc. 1 at PAGEID 1). Relator served as the chief compliance officer for CCHS between 2007 and 2014. (*Id.* at PAGEID 2). Gilhooly is an Ohio healthcare compliance consultant who, during the relevant time period, operated a consulting business called Medical Business Resources, LLC. Gilhooly was retained by CCHS through its outside counsel (Doc.

18-1, ¶ 2), performed a compliance audit for CCHS relevant to the underlying action, and issued a report documenting those findings (Doc. 24, Exh. 4).

Relator issued two identical subpoenas directed to Gilhooly seeking documents related to the audit she performed for CCHS. (Doc. 1-3 at PAGEID 72-73; Doc. 1-4 at PAGEID 87-88). Gilhooly was served with both subpoenas on February 9, 2021. (*Id*. at PAGEID 6; *see* Docs. 1-6, 1-7). CCHS was also provided notice of the Gilhooly subpoenas (Doc. 24, Ex. 7) and, according to Gilhooly, "reminded me that the engagement was under attorney/client privilege." (Doc. 24, Ex. 3 at 10:18-11:25). Gilhooly neither responded to the subpoenas nor timely filed objections pursuant to Fed. R. Civ. P. 45. Thereafter, Relator moved this Court to compel Gilhooly's compliance with the subpoenas and to issue an order to Gilhooly to show cause why she should not be held in contempt. (Doc. 1). CCHS did not file a motion to quash or modify the subpoenas on privilege grounds or seek to intervene in these miscellaneous proceedings, despite notification by Relator of the initiation of the proceedings. (Doc. 24, Ex. 8).

On November 3, 2021, the Court granted Relator's motion to compel compliance and for issuance of an order to show cause. (Doc. 5). Gilhooly failed to comply with the Court's Order or respond to Relator's subsequent motion to hold Gilhooly in contempt and certify facts. On July 29, 2022, the District Judge in this miscellaneous case held a hearing requiring Gilhooly to show cause why she should not be held in contempt of court for failing to obey the Court's November 3, 2021 Order. The Court ordered Ms. Gilhooly to provide the documents requested in the subpoenas to the Court no later than August 2, 2022.

Meanwhile, on April 14, 2022, Relator subpoenaed Gilhooly's deposition for May 20, 2022, and provided a copy of the subpoena to CCHS. (Doc. 24, Ex. 9). CCHS substituted the DLI Piper law firm as its counsel, which entered its appearance on behalf of CCHS in the

Delaware litigation on April 29, 2022, and its appearance in this miscellaneous action on May 12, 2022. (Doc. 12). CCHS then asked this Court to delay Gilhooly's deposition based on a claim that certain testimony would implicate privilege concerns. (Doc. 13). The Court held an informal discovery conference, which resulted in a compromise under which Relator would respect any privilege objections that CCHS made at Gilhooly's deposition subject to later challenge. (May 17, 2022 Minute Entry).

Two days before her deposition, Gilhooly sent a letter to Relator's counsel finally responding to the Gilhooly subpoenas. (Doc. 24, Ex. 11). Gilhooly confirmed she is in possession of responsive documents but asserted that "[a]ll records still available . . . are protected under attorney-client privilege." (*Id.*, Ex. 11 at 1-2).

On May 18 and May 20, 2022, the morning of Gilhooly's deposition, CCHS sent "clawback" notices under Federal Rule of Civil Procedure 26(b)(5) with respect to five documents it had produced that were related to the Gilhooly audit report, excluding Gilhooly's final report. (Doc. 24, Ex. 12 at 2-3).

CCHS alleges that Gilhooly is in possession of privileged documents that should not be disclosed to Relator. CCHS, through the instant motion, seeks to have the November 3, 2021 Order reopened and modified to require that the documents demanded in the subpoenas be produced to CCHS before being produced to Relator to allow CCHS an opportunity to review and identify the documents that are protected by the attorney-client privilege and/or attorney work product doctrine. Relator opposes the motion, arguing that CCHS has waived any objections it may have had on the attorney-client privilege or work product doctrine by its tardy assertion of both and by producing Gilhooly's final audit report in the underlying Delaware litigation.

**II. Resolution**

As a general practice, a district court will find justification for reconsidering an interlocutory order when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citing *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). This authority stems from common law and Fed. R. Civ. P. 54(b). *Rodriguez*, 89 F. App'x at 959.

CCHS contends that "[t]he avoidance of disclosure of documents that are subject to the attorney-client privilege is a proper basis for the Court finding manifest injustice under Rule 54(b)." (Doc. 18 at PAGEID 189) (citing *UPMC v. CBIZ, Inc.*, No. 3:16-cv-204, 2018 WL 2107777, at * 2-4 (W.D. Penn. May 7, 2018)). CCHS concedes that its failure to previously seek intervention in this miscellaneous matter after it was notified of the subpoenas and these proceedings weighs against the instant motion. CCHS argues, however, that "the attorney-client privilege is of such importance that a failure to raise arguments is outweighed by the manifest injustice that would result from the disclosure of privileged documents." (*Id.*). CCHS relies on the policy interests underlying the attorney-client privilege and work product doctrine in seeking a modification of the Court's November 3, 2021 Order. (*Id.* at PAGEID 190) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (in turn citing 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961); *United States v. Nobles*, 422 U.S. 225, 236 (1975)).

Relator contends that CCHS has waived any privilege objections to the Gilhooly subpoenas by failing to timely assert the privilege or protection. Relator argues that CCHS failed to file a timely motion to quash under Fed. R. Civ. P. 45. Relator also argues that CCHS cannot establish excusable neglect or good cause to excuse its waiver to permit a belated assertion of

privilege.  Relator further argues that CCHS has waived any applicable privilege by producing the final Gilhooly audit report to Relator.

The Court determines that Rule 45 is the proper lens under which to view the instant dispute.  Rule 45 governs subpoenas to a non-party like Gilhooly and provides the mechanism by which a party like CCHS can protects its rights.  The rule provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).  "Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought."  *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, No. 1:11-cv-0851, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013) (internal quotation marks omitted) (quoting *Mann v. University of Cincinnati*, 114 F.3d 1188 (Table), 1997 WL 2801888, at *4 (6th Cir. May 27, 1997) (in turn quoting 9A Wright and Miller, Federal Practice and Procedure § 2459)).  Where a party asserts that attorney-client privilege or work product protection applies to documents sought by a non-party subpoena, the party must file a "timely motion" to quash under Rule 45.

Although Rule 45 does not specify when a motion is timely, "[i]t is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena." *F.T.C. v. Trudeau*, No. 5:12MC35, 2012 WL 5463829, at *3 (N.D. Ohio Nov. 8, 2012) (quoting *Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006) (citations omitted)).  Other courts have likewise found that a timely motion is one filed before the compliance date set forth in the subpoena.  *See, e.g.*, *Olmstead v. Fentress Cnty., Tennessee*, No. 2:16-cv-00046, 2018 WL 6198428, at *2 (M.D. Tenn. Nov. 28, 2018); *Nutrition Distribution*

5

*LLC v. Black Diamond Supplements LLC*, No. CV-17-01869, 2018 WL 1109556, at *5 (D. Ariz. Mar. 1, 2018); *Centennial Bank v. Servisfirst Bank Inc.*, No. 8:16-cv-88, 2016 WL 4163560, at *3 (M.D. Fla. Aug. 5, 2016); *In re Ex Parte Application of Grupo Mexico SAB de CV*, No. 3:14-mc-0073, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015), *aff'd sub nom. Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573 (5th Cir. 2016); *Anderson v. Abercrombie & Fitch Stores, Inc.*, No. 06cv991, 2007 WL 1994059, at *8 (S.D. Cal. July 2, 2007); *Advanced Portfolio Techs., Inc. v. Stroyny*, No. 06-MISC-065, 2006 WL 3761330, at *2 (E.D. Wis. Dec. 18, 2006); *United States ex rel. Pogue v. Diabetes Treatment Ctrs of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002).

  CCHS, as the party in the underlying Delaware litigation, had standing to assert attorney-client privilege and work product protection for the documents sought by Gilhooly subpoenas. *Davis*, 2013 WL 146362, at *5. It is undisputed that CCHS failed to file a "timely" motion to quash in response to the Gilhooly subpoenas or make any attempt to assert that the documents possessed by Gilhooly were protected by the attorney-client privilege and/or work product protection until substitute counsel entered an appearance in this miscellaneous action in May 2022, more than 14 months after the subpoenas were initially served. The assertion of the privilege was not made until May 17, 2022, the date the Court held an informal discovery conference before the undersigned magistrate judge, which was requested by CCHS. At that conference, CCHS said it would be filing a formal motion to clarify its position. On May 18, 2022, CCHS filed the instant motion to revise the Court's order of November 3, 2021, invoking the attorney-client privilege and/or work product doctrine for the documents requested in the Gilhooly subpoenas and seeking an amendment of that order to insure CCHS had the opportunity

6

to review the documents before they were produced to Relator so that CCHS could claim the privilege or protection applicable to specific documents.

Had CCHS filed a motion to quash under Rule 45, such motion would clearly be untimely, being filed some 14 months after the service of the Gilhooly subpoenas and far beyond the time for compliance with the subpoenas. CCHS clearly had notice and an opportunity to file a timely motion under Rule 45. CCHS was notified of the subpoenas on February 5, 2021 (Doc. 24, Ex. 7) and, according to Gilhooly's deposition testimony, at that same time, CCHS contacted Gilhooly and "reminded [her] that the engagement was under attorney/client privilege." (Doc. 24, Ex. 3 at 10:18-11:25). After Gilhooly failed to respond or object to the subpoenas pursuant to Fed. R. Civ. P. 45, Relator on August 26, 2021, moved this Court to compel Gilhooly's compliance with the subpoenas. (Doc. 1). At that time, CCHS neither filed a motion to quash or modify the subpoenas on privilege grounds or seek to intervene in these miscellaneous proceedings, despite notification by Relator of the initiation of the proceedings. (Doc. 24, Ex. 8).

Under the express terms of Rule 45, a motion to quash must be "timely" filed in order for the Court to consider it. Fed. R. Civ. P. 45(c)(3)(A)(iii). Courts have held that the failure to timely file the motion requires denial of the motion.[1] *See Centennial Bank*, 2016 WL 4163560, at *3; *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV, 2010 WL 11591901, at *6-7 (S.D. Fla.

---

[1] "[I]n unusual circumstances and for good cause shown, failure to make timely objection to a subpoena . . . will not bar consideration of objection." *Trudeau*, 2012 WL 5463829, at *3-4 (citing *Halawani v. Wolfenbarger*, No. 07-15483, 2008 WL 5188813, at * 4 (E.D. Mich. Dec. 10, 2008).

> In determining whether "unusual circumstances" and "good cause" exist, a court should examine whether "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for [affected person] and counsel for subpoenaing party were in contact concerning the [affected person's] compliance prior to the time the [affected person] challenged legal basis for the subpoena." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y.1996) (citations and internal quotation marks omitted).

*Id*. CCHS does not argue it had "good cause" or there were "unusual circumstances" to justify an untimely motion to quash.

7

Mar. 30, 2010); *City of St. Petersburg v. Total Containment, Inc.*, No. 06-20953CIV, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008); *see also United States ex rel. Pogue*, 238 F. Supp. 2d at 278 (motion denied as untimely where filed 10 months after subpoena compliance date). Therefore, had CCHS filed a motion to quash under Rule 45, it would be denied as untimely.

CCHS instead filed a motion styled "Motion to Revise Interlocutory Order" "pursuant to Fed. R. Civ. P. 54(b)" (Doc. 18), arguing that it is within the broad discretion of the Court to revise an interlocutory order to prevent manifest injustice. The manifest injustice in this case, according to CCHS, is the protection of the oldest privileges and protections recognized by law—the attorney-client privilege and work product doctrine. CCHS cites to *UPMC v. CBIZ, Inc.*, No. 3:16-cv-204, 2018 WL 2107777 (W.D. Pa. May 7, 2018), and argues that "because the attorney-client privilege and the protections that it affords are of the utmost importance . . . manifest injustice would occur if the Court were to compel production of these privileged materials. . . ." *Id*. at * 3.

That case, however, is distinguishable. The privilege issues in *UPMC* arose from the plaintiff's deficient privilege log for over 1,500 items and not a Rule 45 subpoena. *UPMC v. CBIZ, Inc.*, No. 3:16-cv-204, 2018 WL 1542423, at *7 (W.D. Pa. Mar. 29, 2018), *on reconsideration in part*, No. 2018 WL 2107777 (W.D. Pa. May 7, 2018). The plaintiffs in *UPMC* failed to meet their burden of establishing the applicability of the attorney-client privilege and/or work product doctrine when initially opposing the defendants' motion to compel. They submitted "perfunctory briefs," despite a specific order by the court "to 'file a brief and/or any other appropriate support for their assertion of privilege.'" *Id*. at *6. On the plaintiff's motion for reconsideration, despite the court's stated hesitancy to reconsider the matter – especially given its express order to the plaintiffs to adequately argue their claim of privilege – the court

8

found after an *in camera* review of thousands of documents that the plaintiffs convincingly demonstrated that the attorney-client privilege and work product protection applied to most of the documents sought. *UPMC*, 2018 WL 2107777, at *3. The court in *UPMC* determined that "[b]ecause the attorney-client privilege and the protections that it affords are of the utmost importance, manifest injustice would occur if the Court were to compel production of these privileged materials, especially privileged materials in the volume and variety at issue in the present case." *Id*. (internal quotation marks and citations omitted).

The instant case, in contrast, arises from Relator's issuance of two Rule 45 subpoenas to a non-party, Gilhooly, and not discovery requests between the parties. CCHS never filed a "timely" motion to quash under Rule 45 to assert its claims to attorney-client privilege and work product protection as required under the rule, despite its notice of the Gilhooly subpoenas. Perhaps recognizing that any motion to quash under Rule 45 would now be untimely, CCHS invokes Rule 54(b) saying it would be manifestly unjust to not give CCHS the opportunity to review the Gilhooly documents and identify those that are protected by the attorney-client privilege and/or work product doctrine. But CCHS had that opportunity under Rule 45, which was directly applicable to the Gilhooly subpoenas. CCHS's instant motion appears to be an attempt to circumvent the dictates of Fed. R. Civ. P. 45(d)(3)'s "timely motion" requirement. If simply failing to take prompt action to assert a privilege amounted to "manifest injustice," it would nullify Rule 45(d)'s requirement of a "timely motion" and encourage lax adherence to the Rules. CCHS had ample time to file a motion to quash or modify the Gilhooly subpoenas to assert any potentially applicable privilege or protection under Rule 45. CCHS had notice of the subpoenas and in fact reminded Gilhooly of the alleged attorney-client privilege governing those documents. Nevertheless, CCHS never filed a timely motion to quash based on the privileges

9

and protections it now asserts. CCHS did not intervene in these proceedings until Gilhooly was noticed for her deposition and substituted counsel entered an appearance some 14 months after the subpoenas. CCHS provides no justification or excuse for its failure to timely assert its claims of attorney-client privilege and work product protection. Its motion to revise the Court's interlocutory order seeks, in effect, to evade the requirements of Rule 45 to justify its own lack of compliance. For these reasons, the motion is denied.

Moreover, to the extent the motion can be construed as seeking an extension of Rule 45's deadline to "timely" file a motion to quash, CCHS has failed to satisfy the Fed. R. Civ. P. 6(b) requirements. Under Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To demonstrate excusable neglect under Rule 6(b)(1)(B), a litigant must show: (1) the failure to meet the deadline was a case of neglect; and (2) the failure to act was excusable. *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Id*. (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 388 (1993)). In determining whether neglect is "excusable," the Court should consider "the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.

CCHS offers no justification whatsoever for extending the time for filing a motion to quash nor has it offered any explanation to satisfy the good cause requirement. Excusable neglect is a "strict standard which is met only in extraordinary cases." *Nicholson v. City of*

*Warren,* 467 F.3d 525, 527 (6th Cir. 2006) (citing *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir. 1989)). Generally, inadvertence, ignorance of the rules, or mistakes interpreting the rules do not constitute excusable neglect. *Id.* (citing *Pioneer Inv.,* 507 U.S. at 392; *McNeil v. United States,* 508 U.S. 106, 113 (1993)). In light of CCHS's complete failure to justify or explain any belated request for an extension of time to assert its claim of attorney-client privilege and/or work product protection in connection with the documents requested in the Gilhooly subpoenas, CCHS has not established good cause or excusable neglect for the granting of an extension of time under Rule 6.

CCHS misconstrues Relator's argument regarding an extension of time under Rule 6 and contends that Relator "attempts to superimpose the requirements of Rule 60(b) onto CCHS's motion by recharacterizing the motion as a Motion for Extension of Time under Fed. R. Civ. P. 6." (Doc. 26 at PAGEID 422). CCHS argues Rule 60(b) does not apply to the interlocutory order in this case. (Doc. 26 at PAGEID 421). The Court is not persuaded by CCHS's argument. As explained above, the proper vehicle for CCHS to have asserted the attorney-client privilege and work product protection in this case was through a "timely" motion to quash under Rule 45. Because CCHS missed the deadline for filing a timely motion to quash, Fed. R. Civ. P. 6 provides the standard for extending the time for the Court's consideration of any motion to quash.

For these reasons, the Court **DENIES** CCHS's motion to revise the Court's November 3, 2021 interlocutory order (Doc. 18).[2]

**IT IS SO ORDERED.**

Date: 8/2/2022

Karen L. Litkovitz
United States Chief Magistrate Judge

---

[2] Because the Court denies the motion for the reasons discussed above, it declines to reach Relator's alternative argument that CCHS waive privilege by producing the Gilhooly final report. (Doc. 24 at PAGEID 223).

11